IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

Scott David Creech

(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

IF THE PLAINTIFF IS A PRISONER:   PRISONER # A-588-782

vs.

Ohio Dept. of Rehab. & Corrections, et al.

(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:

Mr. Stu Hudson, Interm Director of Prisons

Ms. Karen Stanforth, Acting Assistant Chief ~~Inspector, Medical~~

All Unknown and Unnamed Person(s) within the Ohio Dept. of Rehab. & Corrections involved in their professional compacity

2:19 cv 104

Judge Graham

MAGISTRATE JUDGE VASCURA

## COMPLAINT

I.  PARTIES TO THE ACTION:

   PLAINTIFF:   PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE NUMBER IS REQUIRED.

   Scott David Creech, A588-782

   NAME - FULL NAME PLEASE - PRINT

   C.C.I.  P.O. Box 5500

   ADDRESS: STREET, CITY, STATE AND ZIP CODE

   Chillicothe, Ohio 45601

   TELEPHONE NUMBER

   IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT, A SEPARATE PIECE OF PAPER SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES, ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE WITH THIS FORM.

   PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED AT THE TIME OF FILING THIS COMPLAINT.

-1-

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED:

PREVIOUS LAWSUITS:

    A.    HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES ( ) NO (X)

    B.    IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

        1.    PARTIES TO THIS PREVIOUS LAWSUIT

            PLAINTIFFS:

            DEFENDANTS:

        2.    COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT, NAME THE COUNTY)

        3.    DOCKET NUMBER

        4.    NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED

        5.    DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)

        6.    APPROXIMATE DATE OF THE FILING OF THE LAWSUIT

        7.    APPROXIMATE DATE OF THE DISPOSITION

PLACE OF PRESENT CONFINEMENT

_____

A.  IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION? YES (X) NO ( )

B.  DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE PRISONER GRIEVANCE PROCEDURE? YES (X) NO ( )

C.  IF YOUR ANSWER IS YES:

   1. WHAT STEPS DID YOU TAKE?
      I filed a Informal Comlaint Resolution, a Grievance to the Institution Inspector, and an Appeal to the Chief Inspector's Office.

   2. WHAT WAS THE RESULT?
      All responses were negative and no cane was reissued as I requested

D.  IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.

   _____
   _____
   _____

E.  IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID YOU COMPLAIN TO PRISON AUTHORITIES? YES ( ) NO ( )

F.  IF YOUR ANSWER IS YES:

   1. WHAT STEPS DID YOU TAKE?
      _____
      _____
      _____

   2. WHAT WAS THE RESULT?
      _____
      _____
      _____

DEFENDANTS:

PLACE THE NAME AND ADDRESS OF EACH DEFENDANT YOU LISTED IN THE CAPTION ON THE FIRST PAGE OF THIS COMPLAINT. THIS FORM IS INVALID UNLESS EACH DEFENDANT APPEARS WITH FULL ADDRESS FOR PROPER SERVICE.

1. NAMES - FULL NAME PLEASE
   Ohio dept. of Rehab. & Corrections, et al.
   ADDRESS - STREET, CITY, STATE AND ZIP CODE
   770 W. Broad Street, Columbus, Ohio 43222

2. Mr. Stu Hudson, Interm Director of Prisons
   770 W. Broad Street, Columbus, Ohio 43222

3. Ms. Karen Stanforth, Acting Assistant Chief Insepector
   770 W. Broad Street, Columbus, Ohio 43222

4. Unknown Persons
   770 W. Broad Street, Columbus, Ohio 43222

5. Unknown Persons
   15802 State Route 104 N, Chillicothe, Ohio 45601
   P.O. Box 5500

IF THERE ARE ADDITIONAL DEFENDANTS, PLEASE CONTINUE LISTING THEM.

STATEMENT OF CLAIM

PLEASE WRITE AS BRIEFLY AS POSSIBLE THE FACTS OF YOUR CASE. DESCRIBE HOW EACH DEFENDANT IS INVOLVED. INCLUDE THE NAME OF ALL PERSONS INVOLVED. GIVE DATES AND PLACES.

DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.

IF YOU HAVE A NUMBER OF DIFFERENT CLAIMS; PLEASE NUMBER AND SET FORTH EACH CLAIM IN A SEPARATE PARAGRAPH. USE AS MUCH SPACE AS YOU NEED. YOU ARE NOT LIMITED TO THE PAPERS WE GIVE YOU. ATTACH EXTRA SHEETS THAT DEAL WITH YOUR STATEMENT CLAIM IMMEDIATELY BEHIND THIS PIECE OF PAPER.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S SCOTT DAVID CREECH CLAIMS UNDER TITLE II OF AMERICANS WITH DISABILITIES ACT (ADA) (42 U.S.C.S. SECTION 12131 ET. SEQ.

1.) Plaintiff Scott David Creech (hereafter. "Creech") first became a disabled individual in June of 1988, and permanantly disabled in August 1999 after a severe motor vehicle accident. The disability is a lifetime disability, that affects my ability to walk, stand, and maneuver as he walks. A qualifying disability under U.S.C., SECTION 12102 (1)(A)(B),(2)(A). Creech has been determined by the Social Security Administration as a person having such a disability/impairment; and that under (3)(A) also meets the requirement of "being regarded as having such an impairment" for purposes of (1)(C) as well. Pennsylvania Dep't of Corrections V. Yeskey, (1998) 524 U.S. 206 and yeskey V. Pennsylvania Dep't of Corrections (1997, CA3 Pa) 118 F. 3d 23.

2.) It must be noted that Creech did received Social Security financial aide, for said permanent disability, up until his incarceration in October 2008. See Exhibit A - S.S.D. Fact Sheet dated December 13, 2018 and Exhibit B - Medicare Health Insurance Card Creech is currently listed as disabled by S.S.A. Creech, a qualifying individual under A.D.A., states that he has been subject to discriminated by the Ohio Dept. of Rehabilitation and Corrections under 42 U.S.C. Section 12132.

5 A

3.) Creech did enter the Department of Corrections with a mobility devise (i.e. cane), prescribed by his civilian medical providers prior to 2008. The cane was taken from him prior to his incarceration at his parent institution. It took several attempts to have it replaced after being transferred to Chillicothe Correctional Institution (i.e. C.C.I.) in December 2008.

4.) It was later determined that Creech required a cane by multiple medical providers at C.C.I. to aide in mobility purposes - i.e. walking, standing, and turning due to balance matters, as well as severe pain issues periodically.

5.) Creech during his incarceration was seen at least once by an Orthopedic Surgeon at Correctional Medical Center (hereafter, C.M.C.), who at that time, continued an Order for the need of a cane and bottom bunk restriction continually, due to mobility issues and other balance related matters.

6.) On August 23, 2016, Nurse Practiction Artrip, overroad the Orthopedic Surgeon's order for the continued use of the cane, and discontinued any further access to a cane. However, continued the bottom bunk restriction for the same medical limitations and disabilities originally found by past medical providers, including the Orthopedic Surgeon working at C.M.C..

7.) Since this time, Creech has suffered extreme pain issues and has had multiple incidents where he was unable to walk any distance beyond the unit without falling - which has happened since the August 23, 2016 matter - having to hold onto walls/beds within the unit on occasions to maintain balance.

5 B

8.) Creech did exhaust the institution grievance procedures, with such becoming final on January 25, 2017. See: Exhibit "C" - **Appeal to the Chief Inspector and Exhibit "D" - Decision of the Chief Inspector on a Grievance Appeal.**

9.) Creech has had sharp paralizing pains in his hip and down his leg since having his cane seized, which has caused him to fall on several different occasions. Which he has document with witnesses.

10.) Creech's health has, and is continually, being adversely affected due to the fact that Creech's mobility has been greatly reduced after the removal/loss of his cane. Several of the health care providers at C.C.I. suggest Creech walk as much as possible each day for exercise, and order he use the cane whenever ambulatory or walking as needed (prior to the cane being seized by one of the medical providers). A major life activity under 42 U.S.C. Section 12102 (2)(A), which now has become potential harmful and even dangerous, without the assistance of a cane to support and steady himself while ambulatory or walking (**now only for short distance under assistance**).

11.) Through the removal of Creech's cane/mobility aide;which I am entilted to under **42 U.S.C. 12131, Title II,** O.D.R.C. has failed to accommodate my disability by limiting my mobility to such an extent I am unable to eat at the chow hall with other inmates - many who use a cane to safely walk there and back. O.D.R.C.'s failure to accommodate my disability, also prevents my full access to the law library and access to the exercise facilities at the gym and/or yard.

5 C

**RELIEF**

IN THIS SECTION PLEASE STATE (WRITE) BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT, CITE NO CASES OR STATUTES.

**JURY DEMAND:**

**DEMAND:** $250,000.00 and Cane.

SIGNED THIS  4  DAY OF  JAN  20 19 .

*Scott D. Creech*
SIGNATURE OF PLAINTIFF

-6-