IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Scott David Creech,

    Plaintiff,

    v.                         Case No. 2:19-cv-104

Ohio Department of
Rehabilitation and Corrections,
et al.,

    Defendants.

## ORDER

This is an action under the Americans with Disabilities Act ("ADA") filed by Scott David Creech, an Ohio *pro se* inmate, against the Ohio Department of Rehabilitation and Correction ("ODRC") and several individuals employed by ODRC. Plaintiff alleges that the defendants violated the ADA by not permitting him to use a cane as an ambulatory aid.

On January 18, 2019, the magistrate judge filed a report and recommendation on the initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1). The magistrate judge recommended that the plaintiff be permitted to proceed against the ODRC under Title II of the ADA, which prohibits discrimination by a public entity such as the ODRC. However, the magistrate judge recommended dismissing plaintiff's claims against the individual ODRC employees because they are not public entities, and because Title II of the ADA does not provide for a cause of action against

government officials sued in their individual capacities.  Doc. 3, p. 6 (citing Williams v. McLemore, 247 F. App'x 1, 8 (6th Cir. 2007)).

The report and recommendation advised plaintiff that the failure to object to the report and recommendation would result in a waiver of the right to have the district judge review the report and recommendation de novo and a waiver of the right to appeal the decision of the district court.  Doc. 3, p. 8.  On February 19, 2019, plaintiff filed a document entitled "PLAINTIFF'S OBJECTIONS." However, plaintiff stated in this document that he "chooses not to file Objections in this matter[.]"  Doc. 6, p. 1.

The court agrees with the report and recommendation (Doc. 3), and it is hereby adopted.  The claims against defendants Stu Hudson, Karen Stanforth, and the two parties designated as "Unknown Persons" are dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) because plaintiff's complaint fails to state a claim for which relief may be granted as to those defendants.  Plaintiff will be permitted to proceed against the ODRC.

In his filing of February 19, 2019, plaintiff also requested leave to file an amended complaint naming "Unknown Entities and Contractors" as new defendants.  A motion to amend a complaint is addressed to the sound discretion of the court.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Leave to amend need not be granted if the amended complaint could not withstand a motion to dismiss, or if the amendment would be futile.  Fisher v. Roberts, 125 F.3d 974, 978 (6th Cir. 1997).  To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a

2

recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Plaintiff has included "Unknown Entities and Contractors" as defendants in the caption of his proposed amended complaint. However, the body of the complaint contains no factual allegations demonstrating how any unknown entities or contractors violated his rights under the ADA. The amended complaint against these new defendants would not survive a motion to dismiss, and granting leave to amend would be futile. The motion to amend the complaint (Doc. 6) is denied. This case will proceed against the ODRC. If additional evidence comes to light during the course of the case which suggests that some other entity contracting with the ODRC may have been involved in the alleged deprivation of plaintiff's rights under the ADA, then plaintiff would be free to file another motion to amend the complaint.

Date: February 25, 2019         s/James L. Graham
                                James L. Graham
                                United States District Judge