In The United States District Court
Southern District Of Ohio
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2020 DEC -3 PM 2: 11

Scott David Creech,
          Plaintiff,

V.

Ohio Department of
Rehabilitation And
Corrections, et al.,
          Defendants,

Case No. 2:19-CV-00104

Judge: James L. Graham

Magistrate Judge:
Michael R. Merz

Plaintiff's Reply To Defendants Opposition To Summary Judgment,
And Opposition To Defendant's Cross-Motion For Summary Judgment,

Now comes the plaintiff, **Scott D. Creech**, without counsel,

to oppose defendants' Ohio Department of Rehabilitation and

Correction (hereafter ODRC) motion in opposition to summary

judgment and cross-motion for summary judgment. Plaintiff

moves this court, pursuant to **Federal Rule of Civil Procedure**

**56,** For an order denying defendants motion and granting

summary judgment in his favor. The grounds for this opposition

and reply motion are set forth more fully in the attached

memorandum.

(1)

<u>Memorandum</u>

**1.)** Defendants in their opposition to summary judgment and cross-motion for summary judgment and supporting papers, has Failed to establish that no genuine issue of material fact exist in the above-entitled case.

**2.)** Despite defendant's contentions, a genuine issue's of material fact shown by pleadings and other papers, (e.g. **Exhibits, Declarations, Affidavits and Depositions on File)** show clearly and/or unambiguosly that the defendants **(ODRC)** discriminated against the plaintiff under **Title II of Americans with Disabilities Act (ADA).**

**3.)** An indavidual is disabled under the **ADA** if she or he **(1)** has a physical impairment that substantially limits one **(1)** or more of the major life activities, **(2)** has a record of such impairment, or **(3)** is regarded as having such an impairment. **See Talley v. Family Dollar Stores of Ohio,inc.,542 F. 3d 1099, 1105 (6th cir. 2008) 17-18.** In order to state a claim under the **ADA,** plaintiff must allege that his physical impairment substantially limits one or more of his major life functions, such as caring for himself, performing manual task, walking, seeing, hearing, speaking, breathing, and learning. **See Gerton v. Verizon South inc., 145 Fed APPX. 159, 164-65 (6th cir. 2005).**

(2)

4.) As shown in the complaint, Exhibit A and B, S.S.D.(**fact sheet dated December 13,2018,**) and (**medicare health insurance card**), along with Exhibit A of plaintiff's summary judgment, there is no dispute that the plaintiff has a physical impairment that substantially limits one or more of the major life activities, and Exhibit A of the motion for summary judgment is a **prima facie** showing that there is a record of an impairment. Therefore plaintiff is regarded as having such an impairment.

5.) The elements a plaintiff must prove under an **ADA** claim are **(1)** plaintiff has a disability **(2)** that the plaintiff is a qualified indavidual, **(3)** that the defendant discriminated against plaintiff because of that disability, **(4)** that the plaintiff suffered damages as a direct result of that discrimination. **See 42 U.S.C.S. 12101,et. seq. 12102: definition of disability; See Brohm v. Properties,inc., 149 F. 3d 517,520 (6th cir. 11998).**

6.) The above mentioned exhibits establish the fact that plaintiff has a disability and that he is a qualified indavidual under **Title II of the ADA.**

7.) Exhibit "C"- Appeal to the chief inspector and exhibit "D" Decision of the chief inspector on a grievance appeal-along with exhibit "B"-defendants admissions outlined in plaintiff's summary judgment- and exhibit "C" also a part of plaintiff's summary judgment, all show that defendants descriminated against plaintiff-and that he suffered damage as a direct result of their discrimination.

(3)

Therefore, defendants contention that there was no discrim-
ination under **Title II** of the **ADA** is not supported by the record.
**8.)** Defendants' also assert that the record is devoid of infor-
mation describing any programs, activities, or other events
that plaintiff's able-bodied counterparts were able to parti-
-cipate in that plaintiff was not. This statement by the defen-
-dants is clearly not supported by the record before this court.
*P*laintiff argued in the initial proceedings such as stated in
the complaint-**(paragraph 11) Plaintiff was unable to eat at
the chowhall with other inmate's-many who use a cane to safely

**walk there and back.)** Defendant suggest that since plaintiffs
mother was able to send him money to buy food in the commiss-
-sary-that this somehow alleviates **ODRC'S** responsibility to
accomodate his disability and/or provide a mobility aide.
**9.)** Plaintiff also complained that **ODRC'S** failure to acco-
-modate his disability-prevented full access to the law
library and access to excersise facilities at the gym and/
or yard. Plaintiff has suffered extreme pain issues and has
had multiple incidents where he **was unable to walk any distance**
beyond the unit without falling. **Nurse Practitioner Gary Artrip**
acting under color of state law-on **his own accourd wi**l**thout**
reasonable justification to do so,overroad the orthopedic surgeo-
-n's order for the continued use of the cane.

4

**10.) It** took three years, from August 23, 2016, until septem--ber 23, 2019, before plaintiff was reissued his mobility aide **(i.e.cane).** During this lengthy period of time, and/or complete deprivation of plaintiff's civil - rights, he suffered what defendants considered a new joint complant , a new physical exam and medical opinion. However, Dr. Peppers, who reviewed the med--ical records, did so on the basis that she would review the old records to determine the need for the cane. Thus, it is clear that the removal of plaintiff's mobility aid was the impetus behind Dr. Peppers decision to reissue the cane, based upon further injury due to its removal.

**11.)** It is clear from the record that before the arbitrary removal of plaintiff's mobility aid, he was ordered by Chilli--cothe Correctional Institutional (C.C.I.) physician's, and made a deal with the warden during a class called Healthy-U to exercise and walk a couple of miles every day at a minimum. This plaintiff did for years while incarcerated until he had no mobility aid to assist him with the many physical impairments, including but not limited to, traumatic brain injury, blindness in one eye, back injury, hip injury, and leg injury- all of which are permanant disabilities requiring the use of a mobility aid.

## MEMORANDUM OF LAW AND FACTS

Defendant's in their argument, fallaciously contends that they have entitlement to Eleventh amendment immunity, and that absent waiver or valid arbrogation, Federal courts may not ent- -ertain a private persons suit against a state. They then con- -cede that congress has abrogated its immunity in the plain language of the **ADA**. Defendant's then claim that this case is medical malpractice case, and therefore not appropriate under **Section 5 of the fourteenth amendment.** They then circumvent this argument with a claim that a **State Tort Medical** Malp- -ractice claim fails to trigger protections under the eighth amendment.

The supreme court of the united states claicified the ele- -venth amendment sovereign immunity issue in **United States v. Georgia,546 u.s. 151,126 S. ct. 877,163 L. Ed. 2d 650(2006)**, an **ADA** suit for damages brought by Tony Goodman, a paraplegic prisoner in the Georgia State prison system.The court held that insofar as **Title II** creates a private cause of action for damages against the states for conduct that actually violates the Four- -teenth amendment, **Title II** validly abrogates state sovereign immunity. **Td.at 882.** The court noted that many of Goodmans claims -involving the state prison's alleged failure to accomodate Goodman's needs regarding <u>mobility</u>, medical care, and hygiene- were evidently based, at least in large part, on conduct that independently violated the provisions of 1 of the fourteenth amendment **[incorperating the eighth amendment·prohibition against cruel and unusual punishment.Id. at 881.**

6

Section 12202 of the ADA is an unequivocal expression of congress
intent to abrogate the states eleventh Amendment immunity,
which states the following;

> "A State shall not be immune under the eleventh Amendment
> to the Constitution of the United States from an action in a
> Federal or state court of competent jurisdiction for a violation
> of this act, in any action against a state for a violation of
> the requirements of this act, remedies (including remedies both
> at law and in equity) are available for such a violation to the
> same extent as violations in action against any public or private
> entity other than a State.

The United States court of Appeals for the Sixth circuit has held
expressly that the eleventh amendment does not bar an ADA-title II
claim for prospective relief against state officials in their official
capacities. SEE **carten v Kent State Univ.** 282 F.3d 391 958 (6th cir
2002). The Sixth circuit, applying a fourteenth Amendment "deliberate
indifferent" test, has held that a prisoner states a proper sause of
action when she/he alleges that prison authorities have denied
reasonable request for medical treatment in the face of an obvious
need for such attention where the inmate is thereby exposed to undue
suffering or a tangible injury. **West Lake V. Lucas** 537 F.2d 857
860 (6th cir 1976).


Title II of the ADA provides, in pertinent part, that "no
qualified individual with a disability shall-by reason of such
disability be excluded from participation in or be denied the
benifits of service, programs or activities of a public entity, or
subjected to discrimination by such intity. ID, §12132, Title II of
the ADA applies to prisons. see **Pennsylvania V Yeskey**, 524 US.206
213.118.S.Ct. 1952 141 L.Ed.2d 215 (1998). The phrase services,

7

programs, or activities in §12132 includes recreational, medical, educational, and vocational prison programs. **Yeskey**, at 524 US at 210.

Plaintiff must concede that a disability determination by the social securities administration even if substantiated is not controlling for determination of ADA disability. However, plaintiff has more fully shown in his Exhiibits, Affidavits, and declerations in his action for summary judgment that not only is he qualified individual with a disability but also that he has been disriminated against becouse of hiis disabiility. Making a prisoner walk for three years (3 YEARS) wiithout his prescribed mobility aid, which caused further injuries and more pain in old injuries, should be convincing enough to grant plaintiff summary judgment.

A Plaintiff can assert a failure to accomodate as an independant basis for liability under the ADA **Henrietta D. V Bloomberg,**331 F.3d 261 295 (2d cir 2003). Moreover the Sixth Circuit appears to indicate that a failure to accomodate claim can be asserted as a seperate and distinct claim from an intentional discrimination claim. **Ability ctr of greater Toledo V City of sandusky.**385 F.3d 901.909 (6th cir 2004).

Defendants contention that the claim is barred by the Statute of limitations has no merit. On August 23 2016 Nurse Practitioner Gary Artrip, did override the orthapedic surgeons order for the continued use of the cane. Thiis date would trigger the time period in which to file a complaint which in Ohio is two (2) years. On September 5 2016 Plaintiff filed an informal complaint about said issue whiich was denied on September 16 2016. On October 4 2016,

Plaintiff filed a grievance whllch was denied on October 26 2016.
Plaintiff then filed an Appeal to the Chief inspector whllch was
denied on January 25 2017. It must be noted that nowhere in the
grievance procedure does NP Gary Artrip mention that he observed
plaintiff walking in the yard and hallways untill December 23 2019,
durl̲n̲g responses to plaintiffs first set of interrogatories.
Plaintiff continues to exercise and follow the recommendations of his
doctors orders untill unable to do so, and then when the pain was too
much to bear, On April 23 2019 Plaintiff filed a health service
requests stating he needed a back brace, knee brace, and a cane
because his medical condition was rapidly getting worse.

The prison litigation reform act- 112 U.S.C§1997 States that no
action shall be brought with respect to prison conditions under §1983
of thḭs title, or any other Federal law by a prisoner confined in any
Jail, Prison, or other correctional facility untill such
administrative remedies as are exhuasted. "42 U.S.C. 1997 (a) (1999).
Therefore, thḭs civil right action was tolled untill available State
remedies were being exhausted. SEE **Brown V Morgan**.209 F.3d 595 596.
(6th cir 2000).

Discrimination incidents which occur beyond the limitations period
are actionable where a plaintiff challenges, not just one incident
of unlawful conduct but an unlawful practice that continues into the
limitations period. In such cases the complaint is timely when it is
filed within the Statute of limitations period of the last asserted
occurance of that practice,Thus where there is an on golḭng continuous
series of discriminatoṵy acts they may be challenged in there entirety

as long as one of those discriminatory acts falls within the
limitations period **Deck V City of Teledo,**56 F.Supp 2d 886, 892-93
(N.D. Ohio 1999) citing **Havens Reality Corp V Coleman** 455 U.S. 363
380 102 S.Ct.1114,1125 71 L.Ed.2d 214 (1982).

## CONCLUSION

Wherefore, for all the reasons just described, Plaintiff respectfully
requests that the court deny Defendants motion for summary Judgment
and grant Plaintiffs summary Judgment.

RESPECTFULLY SUBMITTED

*Scott David Creech*

SCOTT DAVID CREECH
C.C.I. # A588 782
P.O.BOX 5500
Chillicothe,Ohio 45601
**Plaintiff/Prose.**

## CERTIFICATE OF SERVICE

I *Scott D. Creech* Hereby certify that a true and
accurate copy of this motion in opposition to Defendants opposition
to summary Judgment and cross motion for summary judgment has been
served upon Thomas E. Madden,*150* East Gay Street, 16th Floor,
Columbus Ohio 43215. On this *1st* day of *Dec* 2020 by regular
U.S. Mail.

*Scott D. Creech*

Scott D Creech

10