THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SCOTT DAVID CREECH
PLAINTIFF,

V.

OHIO DEPARTMENT OF
REHABILITATIONS AND
CORRECTIONS, eT aL.,
DEFENDANT.

CASE NO.:2:19-CV-00104

JUDGE: JAMES L. GRAHAM

MAGISTRATE: MICHAEL R. MERZ

## PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATIONS IN THIS CIVIL ACTION

Now comes the Plaintiff, Scott David Creech, without counsel, in the above titled case to lodge his objections to the report and recommendation issued by the magistrate Judge on the Fourth (4) day of January 2021, Pursuant to 28 U.S.C. §636 (b)(1), and Fed. R. Civ. P.72(b).

RESPECTULLY SUBMITTED,

Scott D. Creech

SCOTT D. CREECH PRO-SE
C.C.I. #A588-782
P.O. Box 5500
Chillicothe, Ohio 45601

## OBJECTIONS-FACTUAL ERRORS

Plaintiff disagrees with the following factual findings in the report, and cites the record in support of the fact proffered herein:

1.) In Creech V. Ohio Dep't of Rehab. & Corr., 2021 U.S. Dist. Lexis 556 *4-5; The Magistrate Judge Averred that "plaintiffs's motion for summary judgment was supported by excerpts from his medical records produced to him in discovery by defendants."

2.) Objection: PLaintiff submits that his Exhibits were records that were already in his possesion-and that Defendants turned over very little evidence during the discovery process. Plaintiff had to request additional discovery to no avail.

1.) In CREECH V. Ohio Dept. of Rehab. & Corr., 2021 U.S. Dist. Lexis 556 *5; The magistrate Judge averred the exhibits included a pamphlet entitled "Traumatic Brain Injury!" Helping you under--stand and cope, Defendant's responses to Plaintiff's request for admission, his own Declaration, and the Declarations of fellow inmates Steven Angel, Edward York, And Ellery Gethers.

2.) Objection No.2: Plaintiff supplied exhibits and affidavits of his hospital reports due to the 1999 motorcycle crash, which as more fully shown in Plaintiff's motion for summary judgment- should have been substantial evidence to prove that, (1) he has a disability; and (2) that he is qualified as having a disability.

2

1.) In Creech V. Ohio Dept. of Rehab. & Corr., 2021, U.S. Dist. Lexis 556*14; The magistrate Judge Averred that "while Plaintiff has used the word "discrimination" frequently in his filings, he has presented no evidence at all of intentional discrimination against him. That is, he has not shown O.D.R.C. or C.C.I. has excluded him from any program because he is disabled. Rather this case must be analized as claiming that O.D.R.C. has refused to provide him with a reasonable accom--odation of his disability, To wit; The use of a cane as a mobility aid from August 2016 to September 2019."

2.) Objection No.3 Title II of the ADA applies to State prisons and prisoners, and prisons- Thus cannot use an inmates disa--bility as a reason to bar that inmate from participating in or recieving the benifits of recreation, medical services, or education and vocational programs. Pennsylvania Dept. of Corrections V. Yeskey, 524 U.S. 206,209-10,118 S. CT. 1952,141 L. Ed. 2d 215 (1998).

3.) Title II of the ADA provides that: Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benifits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity. See 42 U.S.C. §12132.

4.) Therefore. walking to the chow hall, walking to the library, and walking for excersise, are all covered services and programs covered under the ADA. Thus, all of these activities- including medical services,(i.e. the use of a cane), are "Prima Facie" evidence of intentional discrimination. Hence, this case should be adjudicated under both intentional discrimination and a reasonable accommodation of a disability.

5.) Moreover, quoting the very same case as the Magistrate cited in this case, Ability Ctr. of Greater Toledo V. City of Sandusky, 385 F. 3d. 901,907 (6th Cir. 2004), which states as follows: Title II does more than prohibit entities from intentionally discriminating against disabled individuals. It also requires that the public entities make reasonable accommodations for disabled individuals so as not to deprive them of meaningfull access to the benifits of the services such entities provide.

1.) In Creech V. Ohio Dept. of Rehab. & Corr., 2021 U.S. Dist. Lexis 556*14; The magistrate Judge averred that:"plaintiff relies on the disability determination of the Social Security Administration to establish that he suffers from a qualifying disability."

2.) Objection No.4: Plaintiff supplied exhibits and affidavits of his hospitol reports due to the 1999 motorcycle crash, which support the disibility determination of Social Security Admi--nistration - which subsequently establish the fact that plaintiff suffers from a qualifying disability.

1.) In Creech V. Ohio Dept. of Rehab. & Corr., 2021 U.S. Dist. Lexis 556*18; The magistrate judge averred that:"Plaintiff,Creech has not pleaded conduct by O.D.R.C. which infrin on rights protected by The Fourteenth Amendment. His principal claims are that deprivation of the cane interfered with his ability to excersise by walking as much as he had been able to when he had the cane and eating, by making it more painfull for him to stand in line for C.C.I.-Provided meals.

2.) Objection No. 5: Under the Americans with Disabilities Act, " No qualified indavidual with a disability shal, by reason of such disability, be excluded from participation in or be denied the benifits of services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. §12132. Medical care in prison constitutes such "services,programs,or activities" contemplated United States V. Georgia, 546 U.S. 151,157,126 S. Ct. 877,163 L. Ed. 2d 650 (2006). A "qualified individual with a disability" is defined as " an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectual, communication, or transpotation barr- -iers, or the provisions of auxiliary aids and services, meets the essential eligibility requirements for the reciept of services or the partition in programs or activities provided by a public entity. §12131 (2). The Act defines "Public Entity" to include "Any State or Local Government" and " Any Department, agency,... or other instrumentality of a State," §12131(1).

3.) The ADA provides that " a State shall not be immune under the eleventh amendment to the United States Constitution from an action in Federal or State court of competent Jurisdiction for a violation of chapter 42 U.S.C. §12202." This provision clearly and umambiguosoly expresses congressional intent to abrogate the States Eleventh Amendment immunity with respect to claims brought under the ADA. See Tennessee V. Lian, 541 U.S. 509, 124 S. CT. 1978, 1985, 158 L. Ed. 2d 820 (2004); Board of Trustees V. Garrett, 531 U.S. 356, 363-64, 148 L. Ed. 2d 866, 121 S. CT. 955 (2001).

4.) To guide the lower courts in assessing whether the Eleventh Amendment proscribes an ADA Title II claim, The Supreme Court has set forth a three part test: which is to be determined on a claim by claim basis, (1) which aspects of the States alleged conduct violated Title II; (2) To what extent such misconduct also violated the Fourteenth Amendment and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether congress's purported aborgation of sovereign immunity as to that class of conduct is nevertheless valid. Georgia, 546 U.S. at 159.

5.) "Deliberat Indifference" To serious medical needs of prison--ers constitutes the unnecessary and wanton infliction of pain. Gregg V. Georgia, 428 U.S. 153,173 (1976).(Joint Opinion), Pro--scribed by The Eighth Amendment. This is true whether the indifference is manifest by prison

doctors in their response to the prisoner's needs, or by prison guards in intentionally denying or delaying access to medical care, or intetionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983. See Estelle V. Gamble, 429 U.S. 97, 104-05, 97 S. CT. 285, 50 L. Ed. 2d 251 (1976).

6.) Therefore, in a prison setting, where an inmate has to walk to the chow hall in order to eat his or her meals, and if this inmate has to stand in line for periods of up to one (1) half an hour to recieve the meal with a disability that makes it difficult and painful to do so, then this inmate could starve to death, not being able to eat his or her meals. Luckily plaintiff had his mother, who could send money to him - so that this would not be his fate. However, this in no way should alleviate the Ohio Department of Rehabilitation and Corrections (ODRC) responsibility to insure the safety of its prison population. To reason otherwise would be absurd. This claim alone is a violation of the Fourteenth Amendment which is incorparated by the Eighth Amendment's guarantee against cruel and unusual punishment. Georgia, 546 U.S. at 157. Other Injuries include: Traumatic brain injury, foot injury, blindness in one eye, back injury, hip injury, and leg injury.

7.) Cruel and unusual punishment [shall not be] inflicted."U.S. Constitution.VIII.This prohibition binds the States. See Robinson V. California, 370 U.S. 660,666,82 S. CT.1417, 8L. Ed. 2d 758 (1962). The Eighth Amendment obligates States to provide medical treatment care for those whom it is punishing by

7

incarceration. "Estelle, 429 U.S. at 103. The reason for this "an inmate must rely on prison authorities to treat his or her medical needs; if the authorities fail to do so, those needs will not be met." I bid therefore, ODRC should not recieve Eleventh Amendment Immunity.

1.) In Creech V. Ohio Dept. of Rehab. & Corr., 2021 U.S. Dist. Lexis 556, *18-19 The magistrate Judge averred that : Creech has also alleged that deprivation of the cane made it harder for him to get to the law library is protected. While access to a prison library is protected, quoting Bounds V. Smith, 430 U.S. 817, 97 S. CT. 1491, 52 L. Ed. 2d 72 (1977), Creech has provided no evididence of the extent of interference with Law LIbrary access that occurred here. Creech had sufficient access to the law library to litigate his Habeas Corpus case in this court (Creech V. Warden, case no. 1:15-cv-193, presently on appeal to the Sixth Circuit in that courts case number 20-3935). The constitution does not require that prisoner access to the law library be painless. The Magistrate Judge therefore concludes that ODRC retains its Eleventh Amendment Immunity for the ADA claims Creech makes here.

2.) Objection No.6: The use of a prison library qualifies as an activity or public service under the ADA. Crawford V. Ind. Dept. of Corr., 115 F. 3d 481, 483 (7th Cir. 1997): Perez V. Arnone, 600 F. App'X 20, 22 (2nd Cir. 2015); Also see Yeskey, 524 U.S. at 210-11, because of a prisoners absolute dependance on a prison officials, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and WANTON infliction of PAIN'... Proscribed by the Eighth Amendment.

Estelle, 429 U.S. Id at 104. (citation omitted." Serious medical needs" need not involve a risk of permanent injury. " In less serious cases, denial of medical care may result in pain and suffering which no one suggest would serve any penological purpose."Id. at 103.

3.) The Sixth Circuit, applying a Fourteenth Amendment" Deli--berate indifference" test, has held that a " prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable request for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or a tangible injury. "Westlake V. Lucas, 537 F. 2d 857, 860(6th Cir. 1976). The Westlake court held that "a prisoner who is needlessly allowed to suffer pain when relief is readily availiable does have a cause of action against those who deliberate indifference is the cause of his suffering. Id.

.) Plaintiff avers that most of the trips to the Law Library were done by a jail house lawyer, and while it is true and artfully written by the magistrate Judge that "the Constitution does not require that prisoners access the Law library be pain--less," There were many times when plaintiff was unable to get to the library to get copies of Law work, and to assist the inmates who were assisting him. Therefore, this objection should be granted, and ODRC should not retain its Eleventh Amendment immunity.

1.) In Creech V. Ohio Dep't of Rehab & Corr., 2021 U.S. Dist. Lexis 556 *19-20. The magistrate Judge averred that: Even if ODRC were not immune from damages under the ADA in this case, Creech's claim would be without merit. The magistrate Judge's explaination for this determination was that this action is essentially a suit to recover damages for what plaintiff claims is deprivation of a reasonable accomodation of his disability. To recover, Creech must prove that providing him with a cane was a reasonable accomodation of his disability from August 2016 through September 2019. He has not done so. He claims that he had an ongoing prescription from an orthopedic surgeon to use a cane. He has produced no evidence of such prescription beyond his own declaration, despite having been given access to his medical records in discovery.

2.) Objection No. (7): The magistrate Judge stated that: Defendant effectively conceded that Creech needed the cane for the period from his admission to CCI in 2008 until August 2016 and then again since September 2019. According to the Magistrate Judge The disputed timeline in this action is from August 23, 2016, when nurse practitioner (N.P.) Gary Artrip overrode the Ortho--pedic surgeons' order for the continued use of the cane. The next date would be September 23, 2019, when Doctor Peppers re--issued the cane. Again, it must be noted that defendants failed to turn in to plaintiff all relivant discovery in this matter.

On Feburary 19, 2016. Plaintiff was seen by nurse practitioner Roseanne Dove (N.P.), who continued his current medication for "Degeneration of Cervical Intervertebral Disc." This Particular Medical Condition does not change over time, improving in any form. On June 20, 2017. Plaintiff was seen by Medical Doctor (M.D.) Ugoala Banks, who assessed his Medical Condition as "Cervical Spondylosis with Myelopathy." This condition does not change over time improving in any form. Therefore, based on other Doctors orders and assessments. N.P. Artrip, acting under the color of State Law-Interfered with a prescribed plan of treatment.

3.) In Estelle v. Gamble, 429 U.S. 97, 97 S. CT. 285, 50 L. Ed. 2d 251 (1976). The Supreme Court specifically indicated that interruption of a prescribed plan of treatment could Constitute a Constitutional violation. Boretti v. Wiscomb, 930 F. 2d 1150 1154 (6th Cir. 1991)(citing Estelle, 429 U.S. at 105) Intentionally denying or delaying access to medical care or intentionally interferring with the treatment once prescribed, constitutes deliberate indifference. In Boretti, prison officials allegedly refused to provide prescribed pain medicine and regular bandage changes to an inmate who was recovering from a gunshot wound to the leg. 930 F. 2d at 1154. In Hines v. Wilkinson, prison officials and medical personal ignored an inmates inquiries for prescribed penicillin and pain medication while the inmate was in segregation following a beating that knocked two of his teeth loose. 1994 U.S. App. Lexis 21598,*2,*8(6th Circ. Aug.1994). In both cases, the Sixth Circuit found the interference with prescribed medical treatment sufficiant to overcome the

defendants' motions for summary judgment. Boretti,930 F. 2d at 1155: Hines,1994 U.S. App. Lexis at *9.

Furthermore, in Byrd v. Wilson, the Sixth Circuit held that "denial and/or indifference... That existed for only a short period of time... Still satisfies the standards articulated in Estelle and Westlake v. Lucas, 537 F.2d 857 (6th Cir. 1976). Byrd v. Wilson, 701 F.2d 592,595 (6th Cir. 1983). (Emphasis Added).

In Byrd, doctors at an outside hospitol diagnosed an inmate with Post-Hepatitic Cirrhosis of the liver and prescribed medi--cation, and a low-sodium, high protien diet. When the inmate returned to the prison, he was unable to recieve his diet and medication for two days. Id at 594. The sixth circuit held that despite the brevity of delay, the inmates inability to get the prescribed treatments met the standard for deliberate indiff--erence. Id at 595.

4.) A pro-se complaint is held less strigent standards than those drafted by attorneys. See Cruz v. Beto, 405 U.S. 319,322,92 S. CT. 1079, 1081, 31 L. Ed 2d 263 (1972). Haines v. Kerner, 404 U.S. 519, 30L. Ed. 2d 652, 92 S. CT. 594 (1972). The allegations in a pro-se complaint must be taken as true and construed in favor of the plaintiff. See Malone V. Colyer, 710 f. 2d 258, 260 (6th Cir. 1983).

Therrefore, this objection to the Magistrate Judges report and recommendation should be sustained.

## CONCLUSION

Based on the foregoing, The Magistrate Judge's report and recommendation should be rejected. There are issues of fact in this case and Plaintiff's motion for summary judgment should be granted.

Respectfully Submitted,

*Scott D. Creech*
Scott D. Creech Pro-Se
C.C.I. #A588-782
P.O. Box 5500
Chillicothe, Ohio 45601

## CERTIFICATE OF SERVICE

I, Scott D. Creech hereby certify that a true copy of this objections to the report and recommondations in this Civil Action has been sent to counsel of records, Thomas E. Madden by regular U.S. mail at 150 Gay Street, 16th Floor, Columbus, Ohio 43215 on this ____ day of March 2021.