# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SCOTT D. CREECH,

        Plaintiff,     :     Case No. 2:19-cv-104

                                      District Judge James L. Graham
  - vs -                                  Magistrate Judge Michael R. Merz

OHIO DEPARTMENT OF REHABILITATION
 AND CORRECTIONS,

        Defendant.     :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This action under Title II of the Americans with Disabilities Act, brought *pro se* by Plaintiff Scott Creech, is before the Court on Plaintiff's Objections (ECF Nos. 85 and 87[1]) to the Magistrate Judge's Report and Recommendations (ECF No. 82) which recommended that Plaintiff's Motion for Summary Judgment be denied and Defendant Ohio Department of Rehabilitation and Corrections' ("ODRC") Cross-Motion for Summary Judgment be granted. District Judge Graham has recommitted the case for reconsideration in light of the Objections (ECF No. 86).

---

[1] These two documents appear to be substantially identical. ECF No. 85 was filed by scanning through the scanner provided by the Court at Plaintiff's place of incarceration. ECF No. 87 was filed by depositing it in the mail in the prison mailing system. Both are timely filed. In this Supplemental Report, record references will be made to the later-filed set of Objections, ECF No. 87.

Because motions for summary judgment are classified as dispositive motions under the Magistrates' Act (28 U.S.C. § 636(b)(1)), litigants are entitled to *de novo* review of any portion of a report and recommendations on such motions to which they have made a substantial objection. Plaintiff's Objections are reviewed in this Supplemental Report under that standard.[2]

**Undisputed Conclusions**

The Report recommended rejecting, under a continuing violation theory, ODRC's statute of limitations defense. Defendant has not objected and its time to do so has expired.

The Report rejected Creech's claim that he had proven he was disabled by showing the Social Security Administration had paid him disability benefits until he was incarcerated, but also found ODRC had effectively conceded his disability by providing a cane as a reasonable accommodation to his condition from his date of admission to CCI until Nurse Practitioner Artrip revoked that medical restriction in August 2016 (Report, ECF No. 82, PageID 1014). Again, Defendant has not objected and its time to do so has expired.

The Report found, based on Creech's admission in his deposition, that he has never filed a complaint of disability discrimination with any administrative agency. However, although it pleaded lack of exhaustion as an affirmative defense, ODRC did not seek summary judgment on that basis and the Report makes no recommendation on exhaustion. If the case survives summary judgment, that issue remains to be adjudicated.

---

[2] In his Objections, Plaintiff cites to a published version of the Report which appears at *Creech v. ODRC*, 2021 U.S. Dist. LEXIS 556 (S.D. Ohio Jan. 4, 2021). To comply with the Court's record citation rule (S. D. Ohio Civ. R. 7.2(b)(5)), this Supplemental Report will cite to the court-filed original.

**Disputed Conclusions**

Creech first objects that the Report refers to the attached excerpts of medical records as having been produced to Plaintiff by ODRC in discovery. In fact, he says, they were already in his possession (Objections, ECF No. 87, PageID 1048, objecting to ECF No. 82, PageID 1007). The difference is immaterial since Defendant did not challenge the authenticity of the records.

**Merits of the ADA Claims**

Plaintiff brought this suit under Title II of the Americans with Disabilities Act (the "ADA"). To establish a prima facie case against a public entity under Title II, a plaintiff must show that he or she is disabled or perceived to be disabled and that the defendant excluded plaintiff altogether from some public benefit or failed to provide plaintiff with a reasonable accommodation of the disability. *Anderson v. City of Blue Ash*, 798 F.3d 338, 356 (6th Cir. 2015); *Ability Ctr. of Greater Toledo v. City of Sandusky,* 385 F.3d 901, 903-04 (6th Cir. 2004). It is undisputed that ODRC is a public entity and it offers services to inmates, including meals, access to a law library, and opportunities for outdoor exercise.

Creech does not contend he was ever excluded completely from any of these prison services. Rather, he contends he needed the cane from August 2016 through September 2019 as a reasonable accommodation to his disability to give him meaningful access to these services. As the Sixth Circuit held in a case relied on by Creech "In the typical Title II case, the plaintiff alleges she was denied reasonable accommodations in violation of the Act." *Sjostrand v. Ohio State Univ.*, 750 F.3d 596, 599 (6th Cir. 2014).

The core of Creech's claim is that he gets to define what a reasonable accommodation is, not the prison medical personnel. That is, because he believed he needed the cane at all times since he was imprisoned, his judgment cannot be overruled by the prison medical personnel. Creech has not presented testimony from a single medical professional that he needed the cane, as a reasonable accommodation to his disability, between August 2016 and September 2019. The burden of proving the necessity of an accommodation is on the plaintiff. *Smith & Lee Associates. Inc., v. City of Taylor*, 102 F.3d 781, 796 (6th Cir. 1996). The burden of showing that a proposed accommodation is reasonable is also on the plaintiff. *Groner v. Golden Gate Gardens Apartments*, 250 F.3d 1039 (6th Cir. 2001).

Creech admitted in his deposition that a cane in a prison facility creates a security risk. Under those circumstances and where he has no evidence from a medical professional that he needed the cane between August 2016 and September 2019[3], he has not presented a triable issue on the reasonableness of his proposed accommodation. His opinion of medical necessity simply cannot overcome that of Nurse Practitioner Artrip to remove the cane and all the medical professionals who reviewed the case before 2019 who refused to overrule Artrip.

**Eleventh Amendment Immunity**

The Report concluded that the ODRC, as an arm of the State of Ohio, was immune from damages liability by virtue of the Eleventh Amendment (Report, ECF No. 82, PageID 1015-18).

---

[3] Creech claims "Gary Artrip overrode the Orthopedic surgeons' order for the continued use of the cane." (Objections, ECF No. 87, PageID 1057). Neither here nor in his prior filings has Creech provided any evidence, much less admissible evidence, of such an order. The same is true of his assertions that the diagnoses he was given in February 2016 and June 2017 do not change over time. Neither of the quoted physicians is shown to have prescribed a cane or opined that the effects of the condition would not change over time.

4

While Congress attempted to abrogate Eleventh Amendment immunity when it enacted the Americans with Disabilities Act, the current state of the law is that the abrogation is only effective to the extent a plaintiff is seeking ADA protection for engaging in activities expressly protected by the Fourteenth Amendment.  (Report, ECF No. 82, PageID 1016, citing *United States v. Georgia*, 546 U.S. 151 (2006)).

Creech objects that deliberate indifference to a serious medical need of a prisoner violates the Cruel and Unusual Punishment Clause of the Eighth Amendment, incorporated into the Fourteenth as applicable to the States.  The Magistrate Judge agrees.  Intentional denial or indifference to medical care for the serious medical needs of an inmate is cruel and unusual punishment which is cognizable under the Eighth amendment.  *Estelle v. Gamble*, 429 U.S. 97 (1976).

To be successful, an Eighth Amendment medical claim must contain both an objective component, that the medical needs were sufficiently serious, *citing Rhodes v. Chapman*, 452 U.S. 337(1981); *McKinney v. Anderson,* 959 F.2d 853, 854 (9th Cir.), *cert. granted,* 120 L. Ed. 2d 896 (1992); *Steading v. Thompson*, 941 F.2d 498 (7th Cir. 1991), and a subjective component, that the prison officials were deliberately indifferent to the prisoners' needs, citing *Wilson v. Seiter,* 501 U.S. 294 (1991); *McKinney*, 959 F.2d at 854, and *Steading,* 941 F.2d at 500.  *Hunt v. Reynolds,* 974 F.2d 734 (6th Cir. 1992).  Without a showing of deliberate indifference, claims of negligence or malpractice cannot sustain an Eighth Amendment claim.  *Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006).

The difficulty with Creech's position is that he has presented no evidence of deliberate indifference to his medical needs.  He was provided with a cane when he entered custody.  Because that is defined as a medical restriction under ODRC policy, it has been periodically reviewed by

medical personnel on a regular basis since Creech was incarcerated. The restriction was renewed from his admission until Nurse Practitioner Artrip decided, in his medical judgment, that it was no longer warranted as of August 2016. So far as the record shows, Creech was able to have that judgment reviewed by prison medical personnel every time he asked between August 2016 and restoration of the restriction in September 2019. No qualified medical personnel inside or outside the prison system has questioned NP Artrip's medical judgment.

The other constitutionally protected activity Creech has raised is access to the courts as protected by the First Amendment. See *Bounds v. Smith,* 430 U.S. 817 (1977). The Report concluded that Creech had not shown deprivation of his right of access to the courts because he had vigorously litigated his habeas corpus case in this Court. Creech now admits in his Objections that most of the trips to the law library were made on his behalf by "jailhouse lawyers." (ECF No. 87, PageID 1055). He also asserts "There were many times when plaintiff was unable to get to the library to get copies of Law work, and to assist the inmates who were assisting him." *Id*. He provides no record reference to any evidence on this point. And while there may be in some circumstances a constitutional right to the assistance of a "jailhouse lawyer," there is no Fourteenth Amendment right to **be** a jailhouse lawyer, i.e. to "assist the inmates who were assisting him."

The Report concluded Creech had not shown any deprivation of a constitutional right protected by the Fourteenth Amendment, neither by reckless indifference to a serious medical need nor by preventing him from successful accessing the law library. For those reasons, ODRC's actions in denying him a cane to go to the law library and in not acceding to his assessment of what his medical needs were come within ODRC's Eleventh Amendment immunity.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge adheres to his prior conclusion that there are no material issues of fact in this case and Defendant ODRC is entitled to judgment as a matter of law. It is therefore respectfully recommended that Plaintiff's Motion for Summary Judgment be denied and Defendant's Cross-Motion for Summary Judgment be granted. Judgment should be entered in favor of Defendant and against Plaintiff, dismissing this case with prejudice.

April 5, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.