# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SCOTT D. CREECH,

                Plaintiff,      :      Case No. 2:19-cv-104

                                                    District Judge James L. Graham
- vs -                                  Magistrate Judge Michael R. Merz

OHIO DEPARTMENT OF REHABILITATION
 AND CORRECTIONS,

                Defendant.      :

## DECISION AND ORDER

This action under Title II of the Americans with Disabilities Act was brought *pro se* by Plaintiff Scott Creech to seek damages and declaratory relief related to the ODRC's denying him the use of a cane from August 2016 until September 2019. It is before the Court upon Plaintiff's Objections (ECF No. 85) to the Magistrate Judge's Report and Recommendations recommending dismissal of the case (ECF No. 82) and Plaintiff's Objections (ECF No. 91) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 88) reaching the same conclusion.

When a party objects to a Magistrate Judge's recommended decision on a dispositive motion, such as the cross-motions for summary judgment at issue here, the District Judge is required to review *de novo* those portions of the Reports and Recommendations to which substantial objection is made. Fed.R.Civ.P. 72(b)(3). This Decision embodies the results of that *de novo* review.

1

Plaintiff first objects to the Magistrate Judge's conclusion that the source of Plaintiff's medical records in support of his claim is immaterial because Defendant ODRC made no authenticity objection. (Objections, ECF No. 91, PageID 1072). Instead he asserts the source is material because he intended to show ODRC had refused to comply with discovery requests. While this point may have been material on a motion to compel discovery, it is not material to the issues in the summary judgment motions.

Plaintiff objects that infliction of unnecessary pain violates his Eighth Amendment rights as those are incorporated into the Fourteenth Amendment, citing *Estelle v. Gamble*, 429 U.S. 97 (1976), and *In re Kemmler*, 136 U.S. 436 (1890)(approving use of the electric chair for executions over an Eighth Amendment objection). He asserts, "There is no denying that Creech suffered unnecessary pain that could have been alleviated by simply reissuing the cane when it was arbitrarily taken without explanation at the time of its removal."

This is not a case where a lay prison guard is accused of intentionally inflicting pain by using excessive force. Nor is it a case where a lay prison guard took away the cane. Instead, as the Magistrate Judge reported, the cane was taken away by a trained medical person, Nurse Practitioner Artrip, who was qualified to make the decision about what assistive aids Plaintiff needed. Creech has presented no medical evidence questioning Artrip's medical judgment. A prisoner is constitutionally entitled to qualified medical attention to serious medical needs, but not to self-diagnose and then self-prescribe, particularly when the prescription is for a cane, which Creech has acknowledged creates a security risk in a prison. Creech points out several times that there is no allegation he ever used his cane as a weapon. (Objections, ECF No. 91, PageID 1074-75). However, his

good behavior does not obviate the risk, which could reasonably be considered by prison authorities, that another prisoner might take it from him and use it as a weapon. It is also true, as Creech asserts, that there is no prohibitive cost involved with providing him a cane, but no such claim has been made by ODRC.

Creech objects that he has presented some evidence questioning Artrip's judgment by noting that in May 2019, when he made a new request for the cane plus a back brace and a knee brace, CCI's Chief Medical Officer, Sonya Peppers, M.D., said she would review the old records, and then, in September, 2019, reissued the cane. (Objections, ECF No. 91, PageID 1077). Creech asks the Court to infer from this that she disagreed with Nurse Practitioner Artrip's judgment, but is a logical leap too far. Creech's medical records went considerably further back than Artrip's 2016 decision and Dr. Peppers' eventual decision was based on all the medical evidence she considered. She did not find Artrip's judgment was in error.

Creech objects that in June, 2020, he asked for an expert medical opinion, but was denied that relief because the discovery period had closed. The docket reflects that Creech did move for an expert medical opinion on June 16, 2020, (ECF No. 57) and Magistrate Judge Vascura, to whom this case was then referred, denied that request because the discovery period had closed (ECF No. 58). The docket further reflects that after the case had been pending for about three months, Magistrate Judge Vascura set a discovery cut-off date six months in the future. (Scheduling Order, ECF No. 14). She later extended that deadline five times. (ECF Nos. 28, 36, 44, 50, 52). Several of those extensions were at Plaintiff's request and he engaged actively during discovery while the discovery period

3

was open.  Plaintiff never sought an expert medical opinion until well after the discovery period had closed and only two weeks before the dispositive motion deadline.  Hence he could hardly claim surprise at the deadline or at Judge Vascura's denial of his request.

Instead, Creech claims that had he been given the expert opinion, "he could have proved that the new injuries were a direct result of N.P. Artrip's decision to remove the cane." (ECF No. 91, PageID 1077).  Therefore, he says, "This matter should be for a jury to decide."  Creech's claim about what an expert medical opinion would show is purely speculative.  With no medical evidence at this point to call Artrip's medical judgment into question, there is no question for a jury to decide.

Creech objects that Artrip's medical judgment has been questioned in other cases, citing to *Kline v. Artrip,* 2021 U.S. Dist. Lexis 48617 (S.D. Ohio, Mar. 16, 2021), adopted 2021 U.S. Dist. LEXIS 61617 (Mar. 31, 2021).  In that case, Magistrate Judge Vascura recommended that plaintiff's Eighth Amendment claim against Nurse Practitioner Artrip be dismissed for failure to state a claim, essentially because every time Kline claimed he sought treatment, Artrip had prescribed tests to determine what medical care was needed, which did not show deliberate indifference to serious medical need. This Court adopted her recommendation.  *Phelps v. Ohio Dep't f Rehab & Corr.,* 2015 Ohio Misc. Lexis 104 (Ohio Ct. Cl., Aug 1 , 2015), also cited by Creech, is a case in the Court of Claims in which Artrip was a witness, in which his own referral of the plaintiff for an emergency visit to Ohio State University hospital was noted, and in which the magistrate concluded Phelps had not presented a convincing case for compensation against any of the CCI personnel.

Creech objects to the Magistrate Judge's recommendation that ODRC is immune from damages liability under the Eleventh Amendment.  (ECF No. 91, PageID 1082).  However, he has

offered no authority to overcome the Magistrate Judge's conclusion to the contrary, nor has he offered any rebuttal to the Magistrate Judge's observation that he was able to vigorously litigate his habeas corpus case in this Court.

**Conclusion**

Having considered *de novo* those portions of the Magistrate Judge's Report and Supplemental Report to which Plaintiff has objected, the Court finds that Plaintiff has not shown them to be clearly erroneous or contrary to law and they are accordingly ADOPTED. Plaintiffs' Objections are OVERRULED. The Court finds that there is no genuine dispute of material fact and Defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment (ECF No. 74) is granted. Plaintiff's motion for summary judgment (ECF No. 65) is denied. The Clerk will enter judgment in favor of Defendant and against the Plaintiff, dismissing this case with prejudice.

The Court hereby certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

IT IS SO ORDERED.

Date: June 30, 2021

　　　　　　　　　　　　　　　　　　　　　　　s/James L. Graham
　　　　　　　　　　　　　　　　　　　　　　　James L. Graham
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge